JENKS, P. J., PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Order modified so far as it relates to convicts similarly situated, and as so modified affirmed, without costs.

---

JOSEPH J. CHERNES, Respondent, v. MORRIS ROSENWASSER and Others, Appellants.

Second Department, February 8, 1918.

**Malicious prosecution — defense — estoppel — probable cause.**

Where in an action brought against C. and other defendants for malicious prosecution, it appears that the defendants all united to have plaintiff arrested for assault and battery on the defendant C., resulting in an

indictment upon the trial of which the plaintiff herein was acquitted, and that thereafter the defendant C. sued the plaintiff for the same assault and battery, and it was decided that such assault had been committed, the judgment against the plaintiff herein for damages for assault is as to the defendant C. an estoppel, and the fact that the other defendants prompted and aided the defendant C. in prosecuting the plaintiff herein cannot involve them in damages as the validity of such act was established in the action between C. and the plaintiff, and hence they must have had probable cause.

APPEAL by the defendants, Morris Rosenwasser and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 10th day of July, 1917, sustaining plaintiff's demurrer to a separate defense.

*Meyer Kraushaar*, for the appellants.

*Solomon S. Schwartz*, for the respondent.

THOMAS, J.:

For the present purposes it must be considered that all the defendants united to have the plaintiff arrested for assault and battery on the defendant Carlomagno, and at an actual trial of the issue before the magistrate the plaintiff was acquitted of the alleged offense; that the defendants prosecuted the charge before the grand jury with a resulting indictment, which was tried in court, and the plaintiff herein acquitted. So there was a final decision between the People and Chernes, the plaintiff, that there had been no assault and battery committed on a third party, to wit, Carlomagno. But before this action was commenced Carlomagno sued the plaintiff, Chernes, for this same assault and battery, and it was decided between the parties that such assault was committed. That established a fact which as between these two parties can never be retried, and so in this action brought by Chernes against these defendants for malicious prosecution, Carlomagno can say that not only did he complain of the assault and had probable cause to procure Chernes' arrest, but that it has been established that an assault did actually take place. The judgment of not guilty in the action by the People against Chernes established nothing against Carlomagno. He was

not privy to that action or that judgment. Had the court found the plaintiff guilty, Carlomagno could not have offered the judgment of conviction in evidence in an action for assault against Chernes. Nor, in an action by Chernes against Carlomagno for assault, could the judgment of not guilty be used in Chernes' behalf. So there is no difficulty in reaching the conclusion that as to Carlomagno, his judgment against Chernes for damages for assault is an estoppel. But how about the other defendants Rosenwasser? The verdict of not guilty in the criminal action permits the plaintiff to sue them. They were not parties to the action brought for assault by Carlomagno against the present plaintiff Chernes, and yet they are using that judgment as a defense. But look farther and see just what the charge against the Rosenwassers is. It is that Carlomagno prosecuted the plaintiff and that the Rosenwassers prompted and aided him to do it. But if the fact is that the act which Carlomagno did was what he had a right to do because he was assaulted, then the fact that the Rosenwassers prompted him to do a valid and legal act cannot involve them in damages. The validity of that act has been established between the parties to this action, and it cannot be held that Carlomagno did a valid act and at the same time found that the Rosenwassers, aiding him to do the act, had not probable cause to believe that he should do it.

The order should be reversed, with ten dollars costs and disbursements, and the demurrer overruled.

JENKS, P. J., RICH and BLACKMAR, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and demurrer overruled.